ANTHONY FEDUNIEWICZ, PLAINTIFF-RESPONDENT, v. JULIUS GROPP, DEFENDANT-APPELLANT.

Submitted October term, 1930—Decided May 25, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiff-respondent, *Greenberg, Brenner & Weitz* (*Emanuel Weitz*, on the brief).

For the defendant-appellant, *Collins & Corbin* (*Howard F. McIntyre*, on the brief).

PER CURIAM.

On January 5th, 1930, plaintiff bought a cream coffee cake from defendant who operated a small retail bakery business. After finishing the breakfast meal at which the cake was eaten, plaintiff and the members of his family became ill. He charged that the cake was poisoned and sued for damages accruing from the injuries to him personally. The jury rendered a verdict in his favor for $150. Defendant appeals and specifies as error that the trial judge refused to nonsuit and to direct a verdict and also charged unlawfully in certain respects.

Defendant made the coffee cake in his own bakery. A deputy health officer of the Jersey City board of health testified that on a complaint following the incident he made an investigation of defendant's premises and found thereon a bellows containing sodium fluoride. It appeared further that this powder was a roach poison and that two months or more before plaintiff's mishap defendant had sprayed some of it in the "steam box" or warming oven as a remedy against roaches. A medical witness who had not treated or observed the plaintiff testified, as an expert, in answer to hypothetical questions that the symptoms experienced by the plaintiff, as related at the trial, could have come from sodium fluoride poisoning; he also testified that they might have been produced by a thousand other causes. The breakfast meal had embraced coffee as to some members of the family and milk as to the others; and those who drank coffee used milk with it. There is no evidence of the purity of the milk other than the general statement that all milk dealers of Jersey City are subject to oversight by the municipal authorities. Unused portions of the cake were taken from plaintiff's household by the health officer and, on analysis by the city chemist, were found to be free of sodium fluoride. It is not shown that the cake was at any time in the "steam box." A half dozen other families who had purchased cake from the same batch of cooking were represented by witnesses who testified that there had been no illness therefrom.

We find that there was not enough in the evidence to take

the case to the jury, and that the court erred in refusing to grant a nonsuit and in refusing to direct a verdict for the defendant. Our conclusions in these respects make it unnecessary to consider the remaining points.

The judgment below is reversed, with costs.